

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-10-2004

# USA v. Lauckner

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2948

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Lauckner" (2004). *2004 Decisions.* Paper 598.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/598

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 03-2948

———————

UNITED STATES OF AMERICA

v.

ALAN K. LAUCKNER, III,

Appellant

———————

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No.  01-cv-01248)
District Court Judge: William H. Walls

———————

Argued April 15, 2004
Before:   RENDELL, STAPLETON, and LAY*, <u>Circuit</u> <u>Judges</u>

(Filed: June 10, 2004)

_____

  *  Hon. Donald P. Lay, Senior Judge of the United States Court of Appeals for the
      Eighth Circuit, sitting by designation.

1

Frank Agostino [ARGUED]
Calo Agostino
27 Warren Street
14 Washington Place
Hackensack, NJ   07601

*Counsel for Appellant*
*Alan K. Lauckner*


John A. Nolet [ARGUED]
Bruce R. Ellisen
United States Department of Justice
Tax Division
OP. O. Box 502
Washington, DC   20044

*Counsel for Appellee*
*United States of America*

_____

OPINION OF THE COURT
_____

RENDELL, <u>Circuit Judge</u>

Alan K. Lauckner, III ("Lauckner") appeals from the District Court's

determination that it would enforce an agreement purportedly reached between Lauckner

and the Internal Revenue Service (IRS) regarding Lauckner's liability for unpaid trust

fund taxes owed by AAA Trucking Co. ("AAA") for the fourth quarter of 1989.  We will

reverse.

We will recount only those facts essential to our determination.  Lauckner was

employed as the Vice President of Finance of AAA in December 1989, at a time when the company was experiencing financial difficulties. A few months later, in February 1990, AAA filed for relief under chapter 11 of the Bankruptcy Code, and the federal employment taxes withheld on account of wages of the employees of AAA remained unpaid for a number of quarters, including the quarter ended December 31, 1989 ("Fourth Quarter Taxes").

As a person required to collect, account for, or pay over withholding taxes, who has "willfully" failed to do so, Lauckner was assessed a penalty under section 6672 of the Internal Revenue Code in an amount equal to the total amount of the Fourth Quarter Taxes. This amount, originally in excess of $2.9 million, was assessed against Lauckner in March of 1991, and later reduced to $919,208.17.

Lauckner challenged his liability for this amount in a refund suit, and the parties moved for summary judgment ("Lauckner I"). The District Court for the District of New Jersey held that Lauckner was a "responsible person" under the Internal Revenue Code but concluded that the question of "willfulness" was not ripe for summary judgment because there was a factual issue as to whether there were unencumbered funds from which AAA could have paid the taxes.

Thereafter, Lauckner and the IRS exchanged correspondence regarding a possible resolution of his liability and, ultimately, the government contends, entered into a settlement that entitled the IRS to enter a consent judgment against Lauckner in the

3

amount of $919,208.17, if he defaulted under their agreement. To the contrary, Lauckner argues either that his agreed liability under their settlement agreement was zero or $7,000, or, in the alternative, there was no agreement to settle the liability in the first place because the government's "acceptance" of the offer by Lauckner contained an additional term, namely, a provision regarding attorneys' fees that had not previously been a part of the negotiations. We need not decide the amount of the consent judgment purportedly agreed upon, because we find that there was no mutual agreement on the terms of the settlement as a matter of law.

The settlement arose from a series of letters between Lauckner's counsel and the government. On May 1, 1996, Lauckner's counsel wrote to the IRS offering a settlement whereby Lauckner would make payments of $7,000 to the government in addition to the payments made over time as contained in an attached "Collateral Agreement," and Lauckner would agree further that the government would keep any income tax-related refunds that would otherwise be due to him.

Lauckner's counsel followed up with a further letter, dated the same date, attaching a revised Collateral Agreement calling for Lauckner to pay thirty percent of his annual income in excess of $65,000 to the government. In addition, Lauckner's counsel indicated that he "will agree to the entry of a consent judgment against him, to take effect only upon his default under the terms of the Settlement Offer. The other terms of the offer remain the same . . ." The Collateral Agreement was a ten-page, single-spaced

4

document containing several provisions not specifically referenced in any correspondence.

Thereafter, Lauckner's counsel sent a letter dated May 6, 1996, clarifying "our understanding" that the consent to the entry of judgment against him would be "for his fourth quarter liability relative to AAA Trucking Corporation." The letter also noted that this judgment would only be entered should Lauckner default under the terms of the Collateral Agreement and the terms of the Settlement Offer.

Thereafter, in a letter dated July 31, 1996, Lauckner's counsel confirmed that a $7,000 cash portion of the Settlement Offer would be paid within fifteen days of the United States' acceptance of the offer.

Several months later, in December 1996, the government responded to the Settlement Offer, indicating, "This is to advise you that the offer has been accepted on behalf of the Attorney General with the understanding that each party will bear its own costs, including any attorneys' fees." The correspondence from the government set forth the salient terms that had been referenced in the correspondence, including the fact that Lauckner would execute the Collateral Agreement, and that judgment would be entered against Lauckner but would only be enforced if Lauckner were to default. The government enclosed five copies of the Collateral Agreement to be executed by Mr. Lauckner and eight copies of the Statement of Annual Income to be completed by Mr. Lauckner each year, and noted that upon receipt of the total amount due under the

5

"settlement agreement," including amounts due under the Collateral Agreement, the government would file a satisfaction of judgment.

This is the last activity which occurred before the government brought suit in the United States District Court for the District of New Jersey to enforce the "settlement agreement" or, in the alternative, to collect the Fourth Quarter Taxes from Lauckner ("Lauckner II"). The District Court held that the settlement agreement was enforceable and that the government had the right to entry of judgment for the $919,208.17 amount. The District Court believed that, since Lauckner did not have a right to fees as a matter of law, the last-minute insertion of this issue should not prevent the formation of a contract.

We will reverse, as we have great difficulty enforcing a "settlement agreement" where the "acceptance" violates the "mirror image" rule. Step-Saver Data Systems, Inc. v. Wyse Technology, 939 F.2d 91, 99 (3d Cir. 1991). At common law, "[i]f the purported acceptance attempts to restate the terms of the offer, such restatement must be accurate in every material respect. . . . A variation on the substance of the offered terms is material, even though the variation is slight. . . ." 1 Joseph M. Perillo, Corbin on Contracts § 3.32, at 478-80 (1993). Similarly, under the Restatement (Second) of Contracts § 59 (1979), "[a] reply to an offer which purports to accept but is conditional on the offeror's assent to terms additional to or different from those offered is not an acceptance but is a counter-offer." Id.

Here, as Lauckner points out, the issue of attorneys' fees was not even referenced

6

until the last correspondence from the government that "accepted" Lauckner's offer "with the understanding that each party will bear its own costs, including any attorneys' fees." Although the law would appear to deny Lauckner the right to such fees, had he sought them in litigation, we cannot say categorically that such an understanding, whereby the government would pay all or a portion of the fees, could not have been agreed upon as part of a settlement. Also, as Lauckner points out, he believed that the government's initially overstated assessment, and the efforts he had to go through to have that assessment reduced, created litigation, the costs of which he should not have to bear. Accordingly, we do not think it as clear as the District Court apparently did, that the raising of the term was immaterial. Because the government's purported acceptance restated the terms of Lauckner's offer while adding an additional material term to the offer, it was, as a matter of law, not an acceptance, but a rejection and a counter-offer. Therefore, the parties never formed an agreement.

Accordingly, we will REVERSE and REMAND to the District Court for further proceedings.[1]

---

[1] We do not reach the issue of the effect of the assessment of March 31, 1990, as argued by Lauckner, nor will we consider the impact of the District Court's dismissal of this matter after being advised of the settlement. These issues are not relevant to our determination. Further, as noted, we need not reach the issue as to Lauckner's liability under the purported agreement, as we might interpret it, since we find no agreement to have been finalized.